IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GENERAL PARTS DISTRIBUTION LLC d/b/a CARQUEST AUTO PARTS,<br><br>Plaintiffs,<br><br>v.<br><br>CLAYTON RICHARD GIEZA,<br><br>Defendants. | Civil Action No. 1:14-230 |

## ORDER OF COURT

AND NOW, this 29th day of August, 2014, upon consideration of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunctive Relief (Docket No. [2]), Brief In Support (Docket No. [3]), Motion to Expedite Discovery (Docket No. [4]) and Brief in Support (Docket No. [5]), § III.C. of this Court's Practices and Procedures, which expressly provides that "in an injunction and/or temporary restraining order situation, the moving party **must establish that serious efforts were made to contact the opposing party or its counsel prior to seeking relief**, supported by the Fed.R.Civ.P.65(b) affidavit regarding the same. Otherwise, the Court will not hold a hearing on the matter or issue a temporary restraining order," Rule 65(b) of the Federal Rules of Civil Procedure, which likewise provides that "[t]he court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if … (B) **the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required**" and finding that Plaintiff's counsel has not filed such a

1

certification in support of the pending motions,

IT IS HEREBY ORDERED that Plaintiff's Motion for Temporary Restraining Order and Motion for Preliminary Injunction [2] is DENIED, without prejudice. In so holding, the Court further finds that Plaintiff has correspondingly moved for expedited discovery to be completed within 30 days, admitting that "[i]n order to fully and adequately prepare for the preliminary injunction hearing in this case, General Parts must conduct certain discovery, by way of written interrogatories, requests for production of documents and oral depositions of key witnesses, before the date of such hearing." (Docket No. 5 at 2). Therefore, the request for the TRO and the scheduling of a hearing on the preliminary injunction request are premature. *See* FED. R. CIV. P. 65(b)(3) ("If the [TRO] order is issued without notice, the motion for a preliminary injunction must be set for hearing at the earliest possible time, taking precedence over all other matters except hearings on older matters of the same character. At the hearing, the party who obtained the order must proceed with the motion; if the party does not, the court must dissolve the order.").

IT IS FURTHER ORDERED that the Motion for Expedited Discovery will be addressed by the presiding Judge.

                                       *s/Nora Barry Fischer*
                                       Nora Barry Fischer
                                       United States District Judge

cc/ecf: counsel of record